**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| LYDIA MURIITHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| CHRISTIAN NICHOLAS & | ) | |
| ASSOCIATES, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, LYDIA MURIITHI, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, CHRISTIAN NICHOLAS & ASSOCIATES, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Maryland Consumer Debt Collection Act (MCDCA), Md. Code, Com. Law § 14-201, *et seq.*

**JURISDICTION AND VENUE**

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the MCDCA, Md. Code, Com. Law § 14-201, *et seq.*  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Hyattsville, Maryland.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and a "person" as defined in Md. Code, Com. Law § 14-201 (d), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collector" within the meaning of Md. Code, Com. Law § 14-201(b), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to "Quick Cash."

6. On information and belief, Defendant is a corporation of the State of Florida, which is not licensed to do business in Maryland, and which has its principal place of business in Jacksonville, Florida.

**COUNT I**

(Violation of the Fair Debt Collection Practices Act)

7. On or about July 2, 2009, Plaintiff began receiving telephone calls at both her home and work telephone numbers from representatives of Defendant, including but not limited to Marshall Walker (hereinafter "Walker"), regarding collection of the aforementioned alleged debt.

8. When Plaintiff began receiving telephone calls from representatives of Defendant at her place of employment, she requested that Defendant's representatives stop calling her at her place of employment, as her employer prohibited her from taking such calls while she was

working. Despite Plaintiff's requests, Defendant's representatives continued placing telephone calls to Plaintiff at her place of employment.

9. During one such telephone call, Walker stated to Plaintiff that if she did not pay the alleged debt, he was going to send someone to her office to seize the hard drive from her computer.

10. In addition, Defendant never sent Plaintiff the written notice which is required by 15 U.S.C. § 1692g(a).

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she was at work, in violation of 15 U.S.C. § 1692c(a)(3);

    b. Representing or implying that nonpayment of the alleged debt would result in the seizure of Plaintiff's property, where such action was unlawful and Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4) ;

    c. Threatening to take action that could not legally be taken and that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    d. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(10);

    e.    Failing to send the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

    f.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LYDIA MURIITHI, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Maryland Consumer Debt Collection Act)

13.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14.    In its attempts to collect the aforementioned alleged debt, Defendant violated the MCDCA in one or more of the following ways:

    a.    Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she was at work, in violation of Md. Code, Com. Law § 14-202(6);

    b.    Representing or implying that nonpayment of the alleged debt would result in the seizure of Plaintiff's property, where such action was unlawful and Defendant did not intend to take such action, in violation of Md. Code, Com. Law § 14-202(8);

    c.    Threatening to take action that could not legally be taken and that was not intended to be taken, in violation of Md. Code, Com. Law § 14-202(8); and

    d.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the MCDCA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LYDIA MURIITHI, respectfully prays for judgment against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (29092)
Attorney for Plaintiff
23240 Chagrin Blvd.
Suite 601
Beachwood, OH 44122
(888) 595-9111, ext. 712 (phone)
(866) 382-0092 (facsimile)
Mitch@LuxenburgLevin.com